

LNE 12.10.24
MCH USAO2024R00652

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. ELH-24-362 |
| v. | * | |
| COREY OMAR RILEY, | * | (Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, 21 U.S.C. § 846; Forfeiture 21 U.S.C. § 853) |
| Defendant. | * | |

\*\*\*\*\*\*\*



### INFORMATION

### COUNT ONE
**(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)**

The United States Attorney for the District of Maryland charges that:

Beginning on a date unknown to the United States Attorney, but no later than January 2024, and continuing until in or about June 2024, in the District of Maryland and elsewhere, the Defendant,

**COREY OMAR RILEY,**

and others known and unknown, did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree to distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841.

21 U.S.C. § 846

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further alleges that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 21 U.S.C. § 853, in the event of the Defendant's conviction under offenses alleged in Count One of this Information.

### Narcotics Forfeiture

2. Upon conviction of the offense(s) alleged in Count One of this Information, the Defendant,

**COREY OMAR RILEY,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense(s); and

   b. any property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, such offense(s).

### Property Subject to Forfeiture

3. The property to be forfeited includes, but is not limited to:

   a. approximately $302,205 in United States currency;

   b. approximately $11,000 in United States currency;

   c. approximately $4,066 in United States currency;

   d. a .357 caliber Glock semi-automatic handgun bearing serial number BWEY764;

   e. approximately 14 rounds of .357 caliber ammunition;

   f. an extended magazine loaded with .40 caliber ammunition; and

      g.      a brown and silver single shot .22 caliber pistol bearing serial number 88638.

## Substitute Assets

4. If, as a result of any act or omission of the Defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property, pursuant to 21 U.S.C. § 853(p).

21 U.S.C. § 853(p)

MICHAEL HANLON
Digitally signed by MICHAEL HANLON
Date: 2024.12.10 15:43:20 -05'00'

Erek L. Barron
United States Attorney

_____
Date